# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

## JUDGMENT IN A CRIMINAL CASE

**UNITED STATES OF AMERICA**
    v.
**ROBERT L. KELLER, JR.**
**10 Wilson Street**
**Danbury, CT 06810**

CASE NO. 3:03CR00152 (PCD)
**Anastasia M. Enos**, AUSA
U.S. Attorney's Office
**Hubert J. Santos, Esq.**
Defendant's Attorney

The defendant pled guilty to counts **1 & 7** after a plea of not guilty. Accordingly, the defendant is adjudged guilty of counts **1 & 7,** which involve the following offenses:

Title & Section: **Title 18, U.S.C. Section 1341**   Count: **1**
Nature of Offense: **Mail Fraud**
Title & Section: **Title 18, U.S.C. Section 371**   Count: 7
Nature of Offense: **Conspiracy to Defraud the Internal Revenue Service**
Date Offense Concluded: **01/01**

The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The Court departs downward from the Guidelines. The sentence imposed is based on a finding of a Sentencing Guideline level of 16, Category I as per the Pre-sentence Report, with a departure to level 10 based on extraordinary family dependence primarily in the form of his father's illness, his sister's physical conditions, for whom he provides care and assistance, the variance of his behavior from his long history of law abidance and moral propriety (a part not adequately considered by the Commission (5R2.0)) the 4 year pending of this matter with its psychological effect on him, his civic activities, in combination. In the alternative, if not permitted as a guideline sentence, the same sentence would be imposed as a non-guideline sentence.

The defendant shall be placed on probation for a term of **5 years for each Count. Sentence on Counts 1 & 7 shall run concurrent with each other.** Special Conditions include: The defendant is sentenced to community confinement (Halfway House) for the first 6 months of his Probation. After completion of community confinement (Halfway House), defendant is confined to his home for a period of 6 months with electronic monitoring and shall pay the costs of electronic monitoring at the approval of the U.S. Probation Office (USPO); during the period of house arrest the defendant shall be home at all times except for employment, religious obligations, medical attention, and community service; shall perform community service for a period of 3 hours per week for 2 years for a total of 300 hours; shall obtain and maintain full employment; shall provide periodic financial statement and tax returns to USPO; shall make a conscientious effort to resolve all tax liabilities and shall not obtain or arrange any new credit without prior permission from USPO**.**

**Defendant shall pay half of the restitution of $370,287.00 payable at the rate of $600.00 per month.**

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

In addition to the special conditions of probation imposed above, it is hereby ordered that the conditions of probation set out on the reverse side are imposed.

It is ordered that the defendant shall pay a Special Assessment of **$200.00,** for counts **1 & 7** which shall be due **immediately.**

**April 7, 2005**
Date of Imposition of Sentence

/s/
Peter C. Dorsey, United States District Judge
Date: **April 11, 2005**

**CERTIFIED AS A TRUE COPY
ON THIS DATE** _____
*Kevin F. Rowe, Clerk*
**BY:** _____
    *Deputy Clerk*

# CONDITIONS OF PROBATION

**In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:**

## MANDATORY CONDITIONS

■ (1) The defendant shall not commit another federal, state or local offense;

☐ (2) For a felony, the defendant shall (A) make restitution, (B) give notice to victims of the offense pursuant to 18 U.S.C. section 3555, or (©) reside or refrain from residing, in a specified place or area, unless the court finds on the record that extraordinary circumstances exist that would make such a condition plainly unreasonable, in which event the court shall impose one or more of the discretionary conditions set forth under 18 U.S.C. section 3563(b);

☐ (3) The defendant shall not unlawfully possess a controlled substance;

☐ (4) For a domestic violence crime as defined in 18 U.S.C. section 3561(b) by a defendant convicted of such an offense for the first time, the defendant shall attend a public, private, or non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of the legal residence of the defendant;

☐ (5) The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on probation and at least two periodic drug tests thereafter for use of a controlled substance;

■ (6) The defendant shall (A) make restitution in accordance with 18 U.S.C. sections 2248, 2259, 2264, 2327, 3663, 3663A, and 3664; and (B) pay the assessment imposed in accordance with 18 U.S.C. section 3013;

■ (7) The defendant shall notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines or special assessments;

☐ (8) If the court has imposed a fine, the defendant shall pay the fine or adhere to a court-established payment schedule;

☐ (9) A defendant convicted of a sexual offense as described in 18 U.S.C. sections 4042(c)(4) shall report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as a sex offender in any State where the person resides, is employed, carries on a vocation, or is a student.

☐ (10) The defendant cooperate in the collection of a DNA sample from the defendant.

**While on probation, the defendant also shall comply with all of the following Standard Conditions:**

## STANDARD CONDITIONS

(1) The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer;

(2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4) The defendant shall support the defendant's dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living);

(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

(6) The defendant shall notify the probation officer at least ten days prior to any change of residence or employment;

(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court;

(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10) The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13) The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment.

**RETURN**

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at_____, with a certified copy of this judgment.

_____
John F. Bardelli
United States Marshal


By:_____
     Deputy Marshal